terial to any issue involved in the cause. Under these circumstances we can see no error in the ruling of the court.

The plaintiff by his counsel asked defendant whether he was aware of certain evidence given by one Fred. Hedge at the time he (defendant) dismissed an action concerning which testimony had been offered in the case. Defendant objected to the question on the ground that it referred to a deposition which was given in another case, and which had not been offered in evidence herein. The objection was overruled and defendant excepted. The witness answered that he was aware that Hedge had made a deposition, which was in writing; that he had read it; but that he would not state the contents of it unless he was compelled to do so by the court. He at the same time stated that he did not think counsel correctly stated the contents of the deposition. This was substantially all that occurred in relation to the question and answer that is material. The witness was not asked to state the contents of the deposition. The inquiry extended only to his own knowledge of the evidence given by Hedge (which evidence was embodied in the question) at the time he dismissed the suit referred to. This he answered. We see no error in the ruling of the court. The contents of the deposition were not asked for, nor were they testified to. We cannot see in what manner defendant was prejudiced by a question whether at a time mentioned in it he was aware of the matters stated in the question. The above disposes of all the points made on behalf of appellant.

Judgment and order affirmed.

We concur: Sharpstein, J.; Myrick, J.

———————

## In re LING.

### July 29, 1885.

7 Pac. 660.

**Bill of Exceptions—Necessity for.—Where the Whole Case Appears on the Record,** no bill of exceptions is requisite; the purpose of the bill of exceptions being to place on the record that which, without it, would not so appear.

Application to supreme court for settlement of bill of exceptions in a proceeding for removal of a civil officer.

,W. Smith for petitioner.

By the COURT.—In this proceeding, as the whole case appears on the record, there is no bill of exceptions requisite. A bill of exceptions is only necessary to place that on the record which, without it, does not go on the record. In this case the action of the court can be reviewed on the transcript of the record of the case in the court below, on an appeal from the judgment of dismissal.

The application is denied.

---

## FRINK v. ROE and Others.*

### No. 8879; June 29, 1885.

#### 7 Pac. 481.

Power of Attorney—Revocation by Death.—A power of attorney to convey becomes extinct by the death of the constituent, although the power be irrevocable, and no title passes by a deed subsequently made by the attorney.

Power of Attorney—Conveyance by Attorney in Payment of His Debts.—Where the intention in executing a power of attorney was to give the attorney control of the property for his own benefit, he may convey the same in payment of his own debts.

Evidence.—Declarations of an Owner of Land in Disparagement of his title are admissible in evidence against him, and all claiming under him, while the legal title remains in him; but such declarations are inadmissible where made by him after he has parted with his title.

APPEAL from Superior Court of the City and County of San Francisco.

E. A. & G. E. Lawrence for appellant; McAllister & Bergin and T. B. Bishop for respondent.

---

*For subsequent opinion in bank, see Frink v. Roe, 70 Cal. 296, 11 Pac. 820.